

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

SHAWN PATRICK REGAN
DIRECT DIAL: 212 • 309 • 1046
EMAIL: sregan@HuntonAK.com

September 8, 2023

FILE NO: 125629.2

**Via ECF**
Hon. James L. Cott, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Gross v. Madison Square Garden Ent. Corp*, 23-cv-3380 (LAK) (JLC)

Dear Judge Cott:

Defendant Madison Square Garden Entertainment Corp. (n/k/a Sphere Entertainment Co.) ("MSG") respectfully submits this letter motion to stay discovery pursuant to Your Honor's August 28, 2023 Order (ECF No. 29). For the reasons set forth below, the Court should temporarily stay discovery pending resolution of MSG's Motion to Dismiss (ECF No. 19), which has been fully briefed since August 4, 2023. The parties conferred on September 5 and 6, 2023 regarding potential compromise and continue to confer, but have not reached agreement.

As Courts in this District have often explained, "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" *In re Currency Conversion Fee Antitrust Litigation*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209–10 (S.D.N.Y.1991)) (citing *Flores v. S. Peru Copper Corp.*, 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001). *Accord Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007) ("[T]he very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.") (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (same).

Federal Rule of Civil Procedure 26(c) gives courts broad authority to stay discovery for good cause. *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018). And "[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

Hon. James L. Cott, U.S.M.J.
September 8, 2023
Page 2

As this Court has explained, a motion to stay discovery pending resolution of a Rule 12 motion considers three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020) (quoting *New York by James v. Penn. Higher Educ. Assistance Agency*, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020)). Each of these factors weighs strongly in favor of staying discovery here.

  **I.**  **MSG has demonstrated a strong showing that Plaintiffs' claims are meritless.**

A motion to dismiss "cuts in favor of a stay [when] it 'is potentially dispositive, and appears to be not unfounded in the law.'" *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (quoting *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015)); *see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where defendant "has put forth in its motion multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law'" (quoting *Niv v. Hilton Hotels Corp.*, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007))). As an initial matter, MSG's Motion to Dismiss, if granted, would completely resolve the instant litigation with prejudice. In addition, the Motion demonstrates that Plaintiffs' claims are wholly without merit and thus easily meets the standard of not being "unfounded in law."

MSG's Memorandum of Law in support of its Motion to Dismiss (ECF No. 20) ("MSG Mem.") establishes that Plaintiffs fail to state a claim for a violation of the New York City Biometrics Law, N.Y.C. Admin. Code § 22-102(b), because they fail to allege that MSG received any money or other compensation in exchange for any alleged sale or sharing of their data. MSG Mem. at 5–7. Plaintiffs allege that MSG "used, shared, transferred, or otherwise transacted in" their biometric data (Am. Compl. ¶ 84), but they do not (and cannot) claim that MSG did so *in exchange for* money or other profit. Both the plain language and legislative history of the statute reflect that it is not "a blanket prohibition on commercial use of biometric data." *See* MSG Mem. at 5. Section 22-102(b) states only that it is "unlawful to sell, lease, trade, share *in exchange for anything of value or otherwise profit from the transaction of* biometric identifier information" (emphasis added). The statute's plain language clearly contemplates that an exchange for profit is an element of a Section 22-102(b) violation, and this alone is dispositive. *See Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 583 (1998) ("As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof."). Moreover, this plain language interpretation is supported by the statute's legislative history. As explained in MSG's Reply Memorandum in support of its Motion to Dismiss (ECF

2

Hon. James L. Cott, U.S.M.J.
September 8, 2023
Page 3

No. 25) ("MSG Reply Mem."), the Committee Report cited by Plaintiffs explains that "the proposed law 'requir[es] businesses to notify customers of the use of biometric identifier technology, *and prohibit[s] the sale* of biometric identifier information.'" MSG Reply Mem. at 5 (quoting Comm. Rpt. of Governmental Affairs Div. (Dec. 10, 2020) (emphasis added)). Plaintiffs' contrary interpretation stretches Section 22-1202(b) beyond its intended purpose and would prohibit virtually all use of facial recognition technology, contrary to a statute that expressly allows such use.

MSG has similarly demonstrated the inadequacy of Plaintiffs' claims under New York Civil Rights Law Sections 50 and 51. First, Plaintiffs have already conceded that Plaintiff Gross' Section 51 claim is time-barred. Pls.' Opp. at 19 n.8. In addition, MSG has shown that Plaintiff Blumenkrantz cannot establish that his information was used "for advertising purposes, or for the purposes of trade . . . ," as is required to state a claim for a Section 50 violation. Section 50 makes it unlawful to "use[] for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person . . . ." New York courts have "made clear that the prohibitions set forth in Sections 50 and 51 'are to be strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person.'" MSG Mem. at 9 (quoting *Finger v. Omni Publ'ns Int'l, Ltd.*, 77 N.Y.2d 138, 141 (1990) and collecting cases). Such appropriation "is used for purposes of trade if it 'involves use which would draw trade to the firm.'" *Allstate Life Ins. Co. v. Mota*, 2022 WL 1606449, at *4 (S.D.N.Y. May 20, 2022) (quoting *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 249 (2d Cir. 2021)). Here, Plaintiffs do not allege that MSG used their biometric data to solicit customers or sell a product or service. For this reason, they are unable to establish a Section 50 violation. Notably, a New York state court recently rejected an identical claim against MSG under Sections 50 and 51 after finding that the plaintiffs failed to allege that MSG used their photographs for advertising or trade. *See* Decision and Order on Motion at 1–2, *Hutcher v. Madison Square Garden Ent. Corp.*, No. 653793/2022 (Sup. Ct. N.Y. Co. June 26, 2023).

Finally, MSG likewise has made a strong showing that Plaintiffs' unjust enrichment claim fails. Plaintiffs' unjust enrichment claim is preempted by the New York Civil Rights Law and, regardless, fails on the merits because Plaintiffs cannot allege benefit to MSG at their expense. MSG Mem. at 12–14. New York courts have consistently held that "[t]he New York Civil Rights law preempts all common law claims based on unauthorized use of name, image, or personality, including unjust enrichment claims." *Zoll v. Ruder Finn, Inc.*, 2004 WL 42260, at *4 (S.D.N.Y. Jan. 7, 2004); *see also* MSG Mem. at 12–13 (compiling cases). Even if not preempted, Plaintiffs would be unable to establish an unjust enrichment claim because they cannot demonstrate: "(1) that [MSG] was enriched; (2) the enrichment was at [Plaintiffs'] expense; and (3) the circumstances were such that equity and good conscience require [MSG] to make restitution." *Pro Bono Invs., Inv. v. Gerry*, 2005 WL 2429777, at *8 (S.D.N.Y. Sept.

3

Hon. James L. Cott, U.S.M.J.
September 8, 2023
Page 4

30, 2005). Plaintiffs allege that they purchased tickets for, and attended, concerts at Madison Square Garden. Am. Compl. ¶¶ 15, 17; MSG Mem. at 14. Plaintiffs attended those concerts and thus received the benefit of their purchases. *See* MSG Mem. at 14. Moreover, MSG's actions were expressly permitted by New York law. *See id.* As such, equity and good conscience do not justify equitable relief. *See id.*

## II. MSG would face a substantial burden in responding to discovery.

Permitting discovery to proceed now would create a substantial burden for MSG. Plaintiffs filed this putative class action on behalf of "[a]ll persons who visited an MSG venue in New York City" and had biometric information collected over the past two years, which allegedly includes "millions" of people. Am. Compl. ¶¶ 72, 75. Requiring MSG to conduct discovery on practices that allegedly spanned over two years and affected millions of people while MSG has a potentially dispositive motion to dismiss pending would pose an undue burden. In addition, any discovery costs incurred prior to an order granting MSG's Motion to Dismiss would be expended unnecessarily because MSG seeks dismissal with prejudice. *Cf. Kanowitz v. Broadridge Fin. Sols., Inc.*, 2014 WL 1338370, at *10 (E.D.N.Y. Mar. 31, 2014) (finding no burden on defendant where "dismissal of the instant action will simply relegate discovery to the state court proceeding, not preclude it altogether").

The information Plaintiffs may seek in discovery would also likely include sensitive business and customer information.[1] Plaintiffs allege that MSG has collected a "vast trove of consumer biometric data" and shared that data with certain third parties. Am. Compl. ¶¶ 39–43. Plaintiff will almost certainly seek in discovery information that implicates MSG's business and security practices, relationships with third parties, and the personal information of its customers. Requiring disclosure of this information in the absence of viable legal claims would seriously prejudice MSG. *See* Order, *Klein v. Metro. Transit Auth.*, No. 21-cv-7118 (JPC) (JLC) (S.D.N.Y. Feb. 6, 2023) (ECF No. 85) ("[T]he production of [defendant's] personnel records at this time is unnecessary, and would significantly prejudice her if the motion [to dismiss] is ultimately granted."). The sensitivity of the information potentially at issue would also require MSG to raise arguments about confidentiality and privilege that would expend party and judicial resources, again unnecessarily if the Court ultimately grants MSG's Motion to Dismiss.

The likelihood of third-party discovery also weighs in favor of a stay. In their Amended Complaint, Plaintiffs refer to "third parties that are specialized in artificial intelligence (AI) driven security solutions and that rely upon the collection and analysis of biometric data," Am. Compl. ¶ 39, and it is MSG's alleged relationship(s) with these third parties that Plaintiffs

---

[1] MSG is making no representation on the relevance or appropriateness of this discovery and reserves all rights.

challenge as unlawful. Courts have consistently recognized that the potential for third-party discovery supports good cause for a temporary stay. *See, e.g.*, *Miller*, 2020 WL 7483945, at *5 (referencing "potential third-party discovery involving various non-parties referred to in [plaintiff's] First Amended Complaint" when finding that "a stay would conserve both judicial and party resources").

### III. Plaintiffs would not be prejudiced by a brief stay of discovery pending a ruling on MSG's Motion to Dismiss.

A brief stay of discovery to allow the Court to rule on MSG's fully-briefed Motion to Dismiss would not unfairly prejudice Plaintiffs. A minor delay alone is insufficient to warrant a finding of prejudice. *See O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) ("[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise stays of discovery would never be granted given that some delay is inherent in any stay."). *See also Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."). Moreover, this case has been pending for less than six months, and a brief stay is unlikely to affect the overall progress of the litigation. *See Negrete*, 2015 WL 8207466, at *2 ("Any prejudice stemming from delay is likely to be minimal in any event, since this case is in its infancy . . . .").

Nor would a brief stay of discovery impact Plaintiffs' ability to defend against MSG's Motion to Dismiss, which is already fully briefed and limited to the facts as pled in Plaintiffs' Second Amended Complaint. *See Rivera v. Heyman*, 1997 WL 86394, at *1 n.1 (S.D.N.Y. Feb. 27, 1997) (noting that "[a] plaintiff denied discovery because of the filing of a summary judgment motion has a powerful argument that the stay could directly cause plaintiff to fail to meet its burden in opposing the . . . motion," but this does not apply to motions to dismiss because "evidence outside the pleadings is not considered"). That MSG's Motion to Dismiss has been fully briefed for over a month and pending a decision by the Court weighs strongly against a finding of prejudice. *See Miller*, 2020 WL 7483945, at *5 (finding no prejudice where briefing on motion to dismiss was complete); *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (same).

For the foregoing reasons, MSG respectfully requests that the Court stay discovery pending resolution of its Motion to Dismiss.

Hon. James L. Cott, U.S.M.J.
September 8, 2023
Page 6

                                  Respectfully submitted,

                                  Shawn Patrick Regan

cc:     All Counsel of Record via ECF

125629.0000002 DMS 303679078v9