USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/17/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AARON GROSS, *et ano.*,

                Plaintiffs,

    -v-

MADISON SQUARE GARDEN ENT. CORP,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM ORDER**

23-CV-3380 (LAK) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

       Plaintiffs allege in this lawsuit both past and ongoing violations of their right to privacy, their civil rights, and the misuse of their personal biometric data by defendant Madison Square Garden Entertainment Corp. ("MSG"). MSG has filed a letter-motion to stay discovery until its motion to dismiss the second amended complaint is decided. MSG's Letter Motion for Stay dated September 8, 2023 ("MSG Letter") (Dkt. No. 31). Plaintiffs oppose the motion to stay in part and, while not seeking full discovery, request that the Court direct MSG to produce "only the operative agreements between MSG and each facial recognition vendor that MSG has used, or currently uses, at any MSG venue located in New York City." Plaintiffs' Letter Opposing Stay in Part dated September 18, 2023 ("Pl. Letter") at 1 (Dkt. No. 32). Following the Court's direction to respond to plaintiffs' proposal for limited discovery, MSG has continued to oppose any discovery while its dismissal motion is pending, even the limited discovery that plaintiffs seek. MSG's Response dated October 10, 2023 ("MSG Response") (Dkt. No. 34).

Rule 26(c) of the Federal Rules of Civil Procedure allows a court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 26(c)(1)). To that end, "[u]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Id.* (cleaned up).

While a motion to dismiss does not automatically stay discovery, "[i]n some circumstances, a pending motion to dismiss may constitute good cause for a protective order staying discovery." *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *3–4 (S.D.N.Y. Apr. 26, 2018) (citations and quotation marks omitted). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of New York*, No. 11-CV-622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey*, 316 F. Supp. 3d at 677 (citation omitted).

With respect to the "strength of the motion" factor, the party requesting a stay must demonstrate "substantial arguments for dismissal." *O'Sullivan*, 2018 WL 1989585, at *4 (citations and alteration omitted). Some courts have observed that "this standard requires 'a strong showing that the plaintiff's claim is

2

unmeritorious.'" *Id.* (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013) (quoting *Telesca v. Long Island Hous. P'ship, Inc.*, No. 05-CV-5509 (ADS) (ETB), 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006))). Other courts have granted a stay of discovery when a motion to dismiss is "potentially dispositive, and appears to be not unfounded in law." *Gandler v. Nazarov*, No. 94-CV-2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). *See also Spinelli v. Nat'l Football League*, No. 13-CV-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (stay of discovery warranted when "the viability of . . . Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss").

Having reviewed the parties' submissions, including the underlying motion to dismiss, the Court concludes that there is "good cause" to stay discovery at the present time. While the Court continues to review the motion to dismiss and will not attempt to predict its outcome, it observes that MSG has raised substantial arguments as to whether plaintiffs have adequately pled all the elements of a violation of the New York City Biometrics Law. *See* MSG Letter at 2–3. There are also significant issues as to whether plaintiffs' claims under the New York Civil Rights Laws are well-founded, including whether at least some are time-barred, and whether MSG has used plaintiffs' information for advertising or trade or any commercial appropriation (and notably, a recent state court decision found in MSG's favor on the same issue). *See id.* at 3 (citation omitted). Additionally, there are preemption issues regarding the unjust enrichment claim that may resolve against

plaintiffs (as well as the question of whether MSG was enriched by the conduct at issue in the case). In sum, while plaintiffs may ultimately prevail, "the viability of [their] claims is in at least some doubt," *Spinelli*, 2015 WL 7302266, at *2, and MSG's motion appears "to be not unfounded in law." *Gandler*, 1994 WL 702004, at *4.

As to the other factors, MSG acknowledges that the burden of merely producing the vendor agreements that plaintiffs seek is not substantial. MSG Response at 1–2. However, it claims that production of these agreements would be prejudicial both because it would incur time and fees in preparing a protective order and the agreements for production, and more substantively because production of the agreements could potentially interfere with its contractual relations with its vendors and their employees (and engender "misleading negative publicity" about a practice that it believes is legal). *Id.* Moreover, MSG argues that the real question is whether plaintiffs would be prejudiced by the stay, and it contends that there would be no prejudice here since there is no risk that these agreements will be lost and no reason they need to be produced now. *Id.* at 2.

While the requested discovery is narrowly tailored and does not appear to be burdensome, plaintiffs have not articulated any compelling reason why it needs to be produced while the motion to dismiss is pending. They argue only that "any

4

delay in discovery undercuts [their] ability to remediate this ongoing wrong." Pl. Letter at 3.  That, without more, is insufficient to justify the denial of a stay here.[1]

It is true that a stay of discovery will delay this lawsuit in certain respects. But this case is not even a year old, and "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli*, 2015 WL 7302266, at *2 (alteration in original) (citation omitted).  As Judge Sweet observed in *Spinelli*, a case already two years old at the time of the stay granted there, "[a]t this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Id*.  Finally, a stay "may also have the advantage of simplifying and shortening discovery in the event that some of plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Id*.

For the foregoing reasons, the Court grants MSG's motion to stay discovery until its motion to dismiss is resolved.

---

[1] Plaintiffs suggest that in order to obtain a stay, MSG must satisfy not only the "strength of the motion" prong of the inquiry, but the "burdensomeness" and "prejudice" prongs as well.  Pl. Letter at 4 n.7.  However, while the law identifies these factors, it does not necessarily require satisfaction of all these prongs in order to obtain a stay.  They should all merely be considered in making the "good cause" determination, as a court has wide discretion in granting a stay request.

The Clerk is respectfully directed to close Docket Entry No. 31, and to mark it as "granted."

**SO ORDERED.**

Dated: October 17, 2023
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge