USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AARON GROSS, *et ano.*,

                Plaintiffs,

       -against-                                  23-cv-3380 (LAK) (JLC)

MADISON SQUARE GARDEN ENTERTAINMENT
CORP.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND OPINION

Appearances:

        Israel David
        Hayley Lowe
        Blake Hunter Yagman
        Madeline Sheffield
        ISRAEL DAVID LLC

        Christopher K. Leung
        LEUNG LAW PLLC

        Peter Romer-Friedman
        PETER ROMER-FRIEDMAN LAW PLLC

        Lynda J. Grant
        THE GRANT LAW FIRM, PLLC

        *Attorneys for Plaintiffs*

        Shawn Patrick Regan
        Neil K. Gilman (*pro hac vice*)
        HUNTON ANDREWS KURTH LLP
        *Attorneys for Defendant*


LEWIS A. KAPLAN, *District Judge.*

Before the Court is defendant Madison Square Garden Entertainment Corp.'s ("MSG") Rule 12(b)(6) motion to dismiss the second amended complaint for failure to state a claim.[1] Magistrate Judge James L. Cott has rendered a well considered report and recommendation in which he recommends that the motion to dismiss be granted with respect to Counts Two and Three and denied with respect to Count One.[2] Defendant objects to that part of the report and recommendation that recommends denying its motion to dismiss Count One. Plaintiffs do not object to the report and recommendation.

Counts Two and Three are dismissed substantially for the reasons stated by Magistrate Judge Cott. Count One is dismissed for the reasons explained below. The Court assumes familiarity with the facts, which are set out thoroughly in the report and recommendation.

Count I alleges violation of Section 22-1202(b) of the New York City Biometric Identifier Information Protection Code. Section 22-1202(b) makes it "unlawful to sell, lease, trade, share in exchange for anything of value or otherwise profit from the transaction of biometric identifier information."[3] The question presented here is whether defendant profits when it shares biometric data with a third-party vendor to facilitate excluding from its venues attorneys employed by law firms involved in litigation against it.

Plaintiffs explain their theory that defendant profited thusly:

---

[1] Dkt 19.

[2] Dkt 40.

[3] N.Y.C. Ad. Code, title 22, § 1202(b).

"For years, MSG has applied a controversial policy of banning lawyers and their entire firms from MSG's venues during the pendency of any lawsuit to deter lawyers from suing MSG, which increases MSG's profits. To implement this ban and grow its profits, MSG has routinely applied facial recognition to all of its customers to identify and eject the banned lawyers, and in doing so MSG collects the biometric data of all its customers and shares it with a third-party vendor. These policies . . . deliver substantial economic value and profits to MSG by deterring litigation and thereby reducing MSG's litigation expenses."[4]

This argument is unpersuasive because it is inconsistent with the plain text of Section 22-1202(b) and renders superfluous another, related provision. First, Section 22-1202(b) does not prohibit companies from receiving any benefit, no matter how attenuated, from the sharing of biometric data. Rather, it makes it unlawful for companies to "profit from the *transaction*" itself.[5] The second amended complaint does not allege that defendant profits from the transactions. The "profit" that plaintiffs allege that defendant realizes flow from defendant's employment of a broader program, albeit one advanced by biometric data sharing. The biometric data sharing at issue here is no different from any other tool for which a company may pay a vendor. To say that a company

---

[4] Dkt 42 at 1.

[5] N.Y.C. Ad. Code, title 22, § 1202(b) (emphasis added).

4

profits when it *purchases* a product or service defies common sense.[6]

Second, plaintiffs' interpretation of "profit" in Section 22-1202(b) is difficult to reconcile with Section 22-1202(a), which explicitly *permits* the collection and sharing of biometric data for commercial purposes provided that the public is warned. If "profit" were constructed to mean *any* benefit, then the only permissible commercial sharing of biometric data would be for applications that are not useful. But, as defendant points out, "no company would incur the significant expense of utilizing a biometric data system if it did not 'benefit' the company in some way."[7] Plaintiffs' interpretation effectively would ban biometric data sharing by companies, thereby rendering Section 12-1202(a) meaningless. Adopting plaintiffs' interpretation would contravene "the rule that courts must give effect to all of a statute's provisions 'so that no part will be inoperative or superfluous, void or insignificant.'"[8]

Plaintiffs argue that their interpretation of Section 22-1202(b) would not defeat Section 22-1202(a), and they "agree that the NYC Biometrics Law was not intended to prohibit all facial recognition systems [by] . . . business[es]."[9] What makes this defendant's data sharing unlawful, say plaintiffs, is "the way that MSG profits from the transaction" — "ban[ning] attorneys

---

[6] *See Pashman v. Chemtex, Inc.*, 825 F.2d 629, 631 (2d Cir. 1987) ("profit" excludes costs).

[7] Dkt 41 at 5.

[8] *United States v. Harris*, 838 F.3d 98, 106 (2d Cir. 2016) (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)).

[9] Dkt 42 at 12.

5

who sue the company from entertainment and sporting venues."[10] This assertion makes no sense. Nothing about "the way" that defendant benefits from the data sharing at issue here places it — in contrast to any other company's sharing of biometric data — within the sweep of activity proscribed by Section 12-1202(b).

As objectionable as defendant's use of biometric data may be, it does not — at least on the facts alleged — violate Section 12-1202(b). Accordingly, Count One fails to state a claim.

Defendant's motion to dismiss[11] is granted in all respects. The Clerk shall close the case.

SO ORDERED.

Dated:    May 7, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[10] *Id.* at 12–13.

[11] Dkt 19.